IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| CHRISTOPHER MICHAEL KELLEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. __3:22-cv-12__ |
| vs. ) | |
| ) | |
| AMERICAN CHECKED, INC. ) | COMPLAINT |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Christopher Michael Kelley ("Kelley"), for his Complaint against the defendant American Checked, Inc. ("ACI"), alleges as follows:

## NATURE OF THE CASE

1. This is an action for damages arising out of violations of the Fair Credit Reporting Act ("FRCA"), 15 U.S.C.§1681 *et. seq.*, and for costs and attorney's fees.

## PARTIES/JURISDICTION/VENUE

2. This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C.§1681p and 28 U.S.C.§1331.

3. Kelley is a natural person who is, and has been continuously since at least August of 2019, a resident of Henrico County, Virginia.

4. Kelley is a graduate of Babson College (MBA) and Northeastern University (BSBA), employed as a Cloud Monitoring and Digital Services Product Owner, is currently a law student, and is an FAA Certificated Pilot (Single-Engine Land). Kelley has never been convicted of any felonies or misdemeanors involving moral turpitude.

1

5. Kelley is a consumer within the meaning of 15 U.S.C. §1681a(c).

6. ACI is a foreign corporation incorporated in the State of Oklahoma with its principal place of business in the State of Oklahoma.

7. ACI describes itself as "a national background screening solutions provider".

8. ACI is a consumer reporting agency, as defined in 15 U.S.C.§1681a(f) because it:

for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

9. This District is a proper venue because a substantial part of the events or omissions giving rise to this action occurred in this District. 28 U.S.C. § 1391(a)(2).

## FACTUAL ALLEGATIONS

10. Prior to July 3, 2021, ACI entered into a contractual relationship with Experimental Aircraft Association, Inc. ("EAA"), a nonstock corporation incorporated in the state of Wisconsin with its principal place of business in Oshkosh, Wisconsin, to provide background reports for employment (including contract or volunteer services) purposes.

11. The background reports provided by ACI to EAA utilized a ACI designed product called "Applicant Direct".

12. The Applicant Direct process enabled ACI to obtain the full name, address, birth date, phone number, email address and Social Security Number directly from an individual applying for employment by EAA (including contract or volunteers services). The applicant would provide the data directly to ACI through an interactive form designed by ACI located on the EAA website to transmit the information provided by the applicant on the form directly to ACI.

13. The ACI Applicant Direct form to be completed by the applicant for employment by EAA (including contract or volunteer services) informed the applicant that consumer reports requested by EAA from ACI may include the following types of information: Nationwide Criminal Database, Multi-State Sex and Violent Offender Report, Social Security Verification and Address Locator Report.

14. At all times relevant to this action, EAA has operated a program called "Young Eagles" in which at risk and other youth are afforded the opportunity to be introduced to aviation and experience flight in planes piloted by EAA members.

15. Kelley, a member of EAA, applied to EAA to participate in the EAA Young Eagles program and on July 3, 2018, EAA certified Kelley to participate in the program.

16. After his certification to participate in the Young Eagles program, Kelley did participate in the Young Eagles program and experienced significant personal satisfaction assisting youth to learn about aviation and experience flight.

17. EAA required participants in its Young Eagle program, to reapply for certification every three years.

18. Prior to July 3, 2021, Kelley reapplied to participate in the Young Eagles program.

19. While reapplying, Kelley completed the ACI Applicant Direct form on the EAA website and transmitted the completed form to ACI on or about July 3, 2021.

20. The ACI Applicant Direct form completed and transmitted to ACI by Kelley afforded with ACI with actual knowledge of Kelley's full name and his Henrico County, Virginia address, birth date, phone number, email address and Social Security Number.

21. ACI proceeded to prepare a screening report on Kelley which was completed on August 2, 2021 and transmitted to EAA by ACI on or about August 2, 2021.

22. The ACI August 2, 2021 screening report ("ACI Kelley Screening Report") indicated Kelley had been found guilty in 1996 in the Circuit Court of Brevard County, Florida of two felony counts: aid/abet sexual battery victim over 12 years of age-non violent force 2nd degree, false imprisonment of adult/child under 13 years of age 3rd degree.

23. The ACI Kelley Screening Report stated that it was verified by name and similar DOB.

24. The man named "Christopher Michael Kelley" who was the person convicted of the two felony counts in 1996 in the Circuit Court of Brevard County, Florida ("Convicted Sex Offender") was identified in the Circuit Court of Brevard County, Florida records as having an address on file "175 Natalie Cir NE Palm Bay, FL 32907-1523".

25. Kelley has never resided at or had any association with 175 Natalie Cir NE Palm Bay, FL 32907-1523.

26. Kelley's birth date is different from the birth date of Convicted Sex Offender.

27. A public records or similar search would have established that Convicted Sex Offender has a different Social Security Number than Kelley.

28. A public records search would have shown that Convicted Sex Offender did reside at 175 Natalie Cir NE Palm Bay, FL 32907-1523 but that Kelley has never resided at or been associated with 175 Natalie Cir NE Palm Bay, FL 32907-1523.

29. A public records search would have revealed data establishing that Kelley is a different person than Convicted Sex Offender and has never been convicted of any crime.

30. In addition to public records, searching on the internet of social media and websites would have produced information establishing that Kelley was a different person than Convicted Sex Offender.

31.     After receiving the ACI Screening Report, EAA refused to complete processing of Kelley's application to recertify his participation in the EAA Young Eagles Program because the ACI Screening Report falsely indicated that Kelley had been convicted of the two felony counts: aid/abet sexual battery victim over 12 years of age-non violent force 2nd degree, false imprisonment of adult/child under 13 years of age 3rd degree.

32.     In its notification to Kelley that he was disqualified from participating in the Young Eagles program, EAA stated that Kelley was automatically disqualified from participating in the Young Eagles program because of the below EAA Youth Protection Policy:

***Disqualifying Criteria.*** *You will automatically be ineligible to volunteer in the Young Eagles program if you:*

- *Fail to complete the screening process, or provide information required to conduct a criminal history background check, or provide that information in a timely fashion if we ask you to do so.*

- *Are or ever have been a Registered Sex Offender in any jurisdiction, regardless of the nature or date of the offense.*

- *Have been convicted of any felony involving force or threat of force against a person, regardless of the date of conviction.*

- *Have been convicted of any crime characterized as a "sex offense" including, but not limited to, child molestation, rape, sexual assault, sexual battery, prostitution, solicitation, indecent exposure, or possession or distribution of illegal pornography, regardless of the date of conviction.*

- *Have been convicted of any crime involving cruelty to animals, regardless of the date of conviction.*

- *Have been convicted of any crime involving contributing to the delinquency of a minor, regardless of the date of conviction.*

- *Have been convicted of any crime involving controlled substances, within the previous five (5) years.*

- *Were previously terminated from a paid or volunteer position because of misconduct with a youth.*

- *Are under pending charges, incarceration, or allegations by law enforcement officials in any jurisdiction involving a sex offense as described above, force or threat of force against a person, cruelty to animals, contributing to the delinquency of a minor, controlled substances, or misconduct with a youth. The period of ineligibility will end if and when the relevant charges, incarceration or allegations are dropped or otherwise terminated by said law enforcement officials without a conviction.*

33. The ACI Screening Report was a "consumer report" as defined in 15 U.S.C. §1681a(d).

## COUNT I-FAIR CREDIT REPORTING ACT
### Willful Noncompliance
### 15 U.S.C. §§1681e(b), 1681n

34. Kelley restates and incorporates by reference the allegations contained in Paragraphs 1 through 33 above.

35. In preparing the ACI Screening Report, ACI was required to follow reasonable procedures to assure maximum possible accuracy of the information concerning Kelley. 15 U.S.C. §1681e(b).

36. ACI violated 15 U.S.C. §1681e(b) in the preparation of the ACI Screening Report.

37. ACI created and implemented corporate practices and procedures that ACI knew or had reason to know were unreasonable and failed to assure maximum possible accuracy of information concerning the individual about whom the report relates.

38. The ACI practices and procedures utilized a matching of names of the individual about whom the report relates to adverse criminal information if the same name was associated with the adverse criminal information willfully disregarding that very few names are unique.

39. The ACI practices and procedures utilized matching of names of the individual about whom the report relates to adverse criminal information when the date of birth of the subject of the background report was not identical to the date of birth of the person associated with the adverse criminal information.

40. The ACI practices and procedures did not include any public record searches, internet searches of websites and social media or other form of due diligence to ascertain whether the individual about whom the report relates whose name matched the name of the individual about whom the report relates to adverse criminal information.

41. A reasonable procedure to assure maximum possible accuracy requires "three factor" matching before issuing a consumer report associating adverse criminal information with the individual about whom the report relates.

42. In preparing the ACI Screening Report, ACI linked Kelley to the criminal convictions of Convicted Sex Offender with the single match of same name.

43. Assuming the discrepancy of the dates of birth of Kelley and Convicted Sex Offender represents a typographical error without any due diligence to confirm that assumption is unreasonable and fails to assure maximum possible accuracy of information.

44. As a result of ACI's preparation of the ACI Screening Report and its transmittal to EAA, Kelley has sustained actual damages including loss of the opportunity to continue participation in the Young Eagles program, damage to his reputation, humiliation, emotional distress, mental anguish, embarrassment and other losses that are continuing.

45. The actions of ACI constitutes a reckless disregard of its duty to follow reasonable procedures to assure maximum possible accuracy of the information concerning Kelley in the course of preparing and transmitting the ACI Screening Report.

46. ACI willfully failed to comply with 15 U.S.C. §1681e(b) in its preparation of the ACI Screening Report and its transmittal to EAA.

47. ACI is liable to Kelley in an amount equal to the sum of:

> (1) the actual damages sustained by Kelley or damages of not less than $100 and not more than $1,000 as a result of the willful failure;

    (2)    punitive damages; and

    (3)    the costs of this action together with reasonable attorney's fees.

**COUNT II-FAIR CREDIT REPORTING ACT**
**Negligent Noncompliance**
**15 U.S.C. §§1681e(b), 1681o**

48.    Kelley restates and incorporates by reference the allegations contained in Paragraphs 1 through 47 above.

49.    ACI negligently failed to comply with 15 U.S.C. §1681e(b) in its preparation of the ACI Screening Report and its transmittal to EAA.

50.    ACI is liable to Kelley in an amount equal to the sum of:

    (1)    the actual damages sustained by Kelley as a result of the negligent failure with prejudgment interest; and

    (2)    the costs of this action together with reasonable attorney's fees.

**PRAYER FOR RELIEF**

**WHEREFORE** plaintiff Christopher Michael Kelley, by counsel, demands judgment, against ACI for damages including punitive damages, costs, pre and post judgment interest and attorney's fees and such other relief as the Court may deem necessary and appropriate.

**JURY DEMAND**

Plaintiff Kelley demands trial by jury on all issues in this action so triable.

**CHRISTOPER MICHAEL KELLEY**

By: /s/ Thomas W. Williamson, Jr.
Thomas W. Williamson, Jr.
VSB#: 15699
**Williamson Law LC**
3415 Floyd Avenue
Richmond, Va. 23221
Direct: 804 325 1123
Main: 804 288 1661
Fax: 804 282 1766
email: tw@wllc.com
*Counsel for the Plaintiff Christopher Michael Kelley*